O. A. STEINER TIRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13356.   Promulgated January 14, 1928.

*James A. Caldwell, C. P. A.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

MILLIKEN: Since respondent determined an overassessment for the year 1921, this proceeding is dismissed in so far as that year is involved. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

Petitioner took its closing inventory for the year 1920 on the basis of cost. This inventory contained articles which were obsolete or practically unsalable. Believing that petitioner had suffered a material loss with respect to these articles, those taking the inventory, after consultation and discussion, arrived at an estimate of this loss which was precisely 10 per cent of the total of the whole inventory. Petitioner's president, who assisted in taking the inventory, was asked how he arrived at this horizontal reduction of 10 per cent. He answered:

We had on our racks some fabric tires that had cost us something like $24 or $25 apiece at that time, and we were unable to sell them for anything. We made up an estimate that those tires were worth about $5 apiece, the 32 by 3½, and we had some 35 by 4½ that cost us about $37. We made an estimate of their worth at $15, and put that down on a slip of paper, separate from our inventory, and all through the stock different things we came to we figured that that was the depreciation, that it had depreciated to a certain extent, and when we got through, it amounted to about twenty-four hundred or twenty-five hundred dollars. Mr. Bay, the young man in charge of the store, and who was also secretary of the corporation, he and I figured that a 10 per cent deduction from this inventory would equalize the thing fairly well.

Petitioner's bookkeeper, who assisted in taking this inventory, testified that the reduction was taken after a discussion between him

and two of petitioner's officers who assisted in taking the inventory. Asked what this discussion was, he answered:

The discussion was to the value of this old stuff or old stock of merchandise. We arrived at what about the deduction should be, and it was then decided that it would be about ten per cent of the inventory, and that deduction was made.

Petitioner's president was recalled and testified as follows:

Q. What to your mind, does the inventory of $19,867.52 represent?
A. It represented the true inventory of our stocks.
Q. On what basis?
A. On the basis of cost, less 10 per cent.
Q. What did it represent? Did it represent cost less 10 per cent, or did it represent what was then the market value of the goods on hand? What did it represent?
A. It represented the market value of goods on hand.

From the above excerpts, it appears that it is petitioner's contention that although the reduction was in fact taken solely on obsolete and practically unsalable goods, this reduction, by a peculiar and exceptional coincidence, was precisely equal to 10 per cent of the total inventory accompanied by the further striking circumstance that although the inventory was taken at cost, a straight reduction of 10 per cent converted it into an inventory taken at cost or market whichever was the lower. We are not impressed with these contentions. Giving to petitioner the most favorable construction that can be placed upon the testimony, it appears that it took an inventory of its salable goods at cost and an inventory of its depreciated goods at market and then combined the two into one. Section 203 of the Revenue Act of 1918 provides as follows:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

In accordance with the authority conferred by statute, the Commissioner promulgated articles 1582, 1583, and 1584 of Regulations 45. We have held that the regulations are in conformity with the statute and its requirements reasonable. *Appeal of C. E. Longley & Co.*, 4 B. T. A. 246. Petitioner has not complied with the same. Petitioner had the right to take its whole inventory at cost or its whole inventory at cost or market whichever was the lower. It followed neither method but attempted to combine the two.

It has not been shown that the inventory claimed by the petitioner more nearly reflected the income than that determined by the Commissioner and in view of the entire record we are of the opinion that

the Commissioner's determination should be approved. Respondent, therefore, did not err in restoring to petitioner's closing inventory the amount representing the straight deduction of 10 per cent. Cf. *Orents Department Stores, Inc.*, 3 B. T. A. 52, and *Adams Motor Co.*, 4 B. T. A. 589.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*